IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL CONIKER and RESOURCE, SOLUTIONS, LLC, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil No. 22-1184<br>) |
| BISHOP JEFFREY MONFORTON, RANDY CHRISTENSEN, JOSEPH EDWARD HUDAK, ESQ., KYLE BROWN, DIRECTOR, PNC BANK ESCALATIONS GROUP, THE PNC BANK ESCALATIONS GROUP, THE PENNSYLVANIA STATE POLICE, STATE TROOPER PADASAK, THE ME[A]DOWS PSYCHIATRIC CENTER, USA FBI, FBI AGENT SCOTT FRANCIS, BELLEVUE POLICE CHIEF MATTHEW SENTNER, STEUBENVILLE POLICE CHIEF WILLIAM A. MCCAFFERTY, and ANDREW HREZO. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**OPINION and ORDER**

Michael Coniker, proceeding pro se, commenced this action on August 17, 2022, by filing a Complaint. ECF No. 1. On August 24, 2022, Mr. Coniker filed an Amended Complaint. ECF No. 9. Mr. Coniker has also filed seven Motions, each requesting that the Court take a specific action. ECF Nos. 2, 3, 4, 5, 6, 7, & 10. For the reasons explained below, the Court will deny Mr. Coniker's seven Motions and dismiss the Amended Complaint.

The Amended Complaint was filed after this Court dismissed with prejudice Mr. Coniker's Complaint filed at Civil Action No. 22-185. Coniker v. Hrezo, Civ. No. 22-185, Op. and Order, Mar. 21, 2022, ECF No. 3 and Order, May 17, 2022, ECF No. 5. When filing the

present action, Mr. Coniker identified Civil No. 22-185 as a related case. A party is not permitted to revive claims previously dismissed with prejudice by filing a new complaint. A comparison of the instant Amended Complaint with the Complaint filed at Civil Action No. 22-185, shows that the instant action is sufficiently distinguishable from the prior action such that the present action is not an attempt to revive claims dismissed with prejudice in the prior action. Only one defendant, Andrew Hrezo, appears in both cases. The only clear cause of action the Court identified in Civil No. 22-185 was a potential section 1983 claim. No such claim is apparent in the present case.

    I.  <u>Parties</u>

There are two Plaintiffs in this case: Michael Coniker and Resource Solutions, LLC. Mr. Coniker is President of Resource Solutions. Plaintiff Resource Solutions is not identified in the allegations of the Amended Complaint, or any other pleading, as a party to the events or as a party suffering injury. Therefore, Resource Solutions is dismissed from this action without prejudice. Accordingly, the Court will refer to Mr. Coniker as the Plaintiff for the remainder of this Opinion. Mr. Coniker identified, with corresponding numbers, the following thirteen Defendants, numbered as they are in the Amended Complaint, as follows:

    1.    Bishop Jeffrey Monforton
    2.    Randy Christensen
    3.    Joseph Edward Hudak, Esq.
    4.    Kyle Brown, Director, PNC Bank Escalations Group and the PNC Bank Escalations Group
    5.    The Pennsylvania State Police and State Trooper Padasak
    6.    The Me[a]dows Psychiatric Center
    7.    USA FBI and FBI Agent Scott Francis
    8.    Bellevue Police Chief Matthew Sentner
    9.    Steubenville Police Chief William A. McCafferty
    10.  Andrew Hrezo

Am. Compl. at 1 & 2-9.  In his Amended Complaint, Mr. Coniker requests "discovery" so that he can "consider more defendants." Id. at 5.  He provides an additional "List of Defendants," he apparently is considering adding to the lawsuit. Id.

    II.  Diversity Jurisdiction Does Not Exist

Mr. Coniker asserts two bases for jurisdiction, Federal question jurisdiction and Diversity of citizenship jurisdiction.  Diversity jurisdiction does not exist in this case because there are Defendants who are citizens of the same state as Plaintiffs.  "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) (citing Exxon Mobil Corp. v. Allapattah Svcs. Inc., 545 U.S. 546, 553 (2005) and Kaufman v. Allstate N.J. Insur. Co., 561 F.3d 144, 148 (3d Cir.2009)).  Mr. Coniker is a citizen of Pennsylvania.  While he identifies four Defendants as citizens of Ohio, he identifies the remaining Defendants as citizens of Pennsylvania[1].  Accordingly, there is no diversity jurisdiction in this case.

    III.  Causes of Action

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed.R.Civ.P. 8(a)(1), (2), and (3).  As demonstrated by the below review of the Amended Complaint, it does not pass "the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  Additionally, the Amended Complaint fails to state a claim upon which relief can be granted as the Court cannot identify any well-plead cause of action.  In order to review the alleged claims

---

[1] It is undisputed that, without any further research, the Pennsylvania State Police would be considered as being domiciled in Pennsylvania for purposes of determining diversity jurisdiction.

and factual allegations in an organized manner, Mr. Coniker's allegations are grouped into areas that appear to be related.

### A. Right to Appointed Counsel as Second Chair

Mr. Coniker asserts related claims of the right to have an appointed second chair attorney and the right to legal assistance serving as second chair. Am. Compl. at 6. In his Amended Complaint, and in a separately filed Motion for Action, Mr. Coniker asks the Court to Order Patrick Thomassey to serve as second chair counsel. Id. at 8; Motion for Action (ECF No. 5). Mr. Coniker also states in a separate Motion for Action that he is "entitled to a fair trial, which includes attorney assistance as second chair . . . ." ECF No. 4.

Pursuant to statute, the Court has the authority "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). Mr. Coniker has not shown that he cannot afford counsel, but even if he were able to make such a showing, he has no right to appointed counsel, much less a right to appointed second chair counsel. "Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." Parkell v. Danber, 833 F.3d 313, 340 (3d Cir. 2016) (quoting Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002)). Therefore, to the extent Mr. Coniker is asserting a cause of action based on the right to counsel in a civil action, such claim is dismissed with prejudice. In addition, Mr. Coniker's Motion for Action (ECF No. 5) requesting the appointment of second chair counsel is denied.

### B. Claims Apparently Related to Criminal Matters

Mr. Coniker asserts that he has the right to be presumed innocent and a right to be treated as innocent. ECF No. 9, at 6. He further asserts that he was wrongfully convicted "since April 2, 2012," and states without explanation, "Excessive Bail violations." ECF No. 9, at 6.

As this is a civil matter not a criminal matter, the presumption of innocence is inapplicable. To the extent Mr. Coniker is attempting to assert such a claim the Court dismisses the claim with prejudice.

As to an alleged wrongful conviction claim, Mr. Coniker provides no supporting factual allegations. He does not state where the relevant events occurred, how he was wrongfully convicted, and which Defendant took what action in order to injure him. The date he provides in connection with his claim of wrongful conviction, April 2, 2012, is likely beyond the applicable statute of limitations. As a wrongful conviction claim has not been completely or properly plead, the claim is denied without prejudice.

Similarly, Mr. Coniker provides no additional factual information related to his alleged excessive bail violation claim. He does not state who imposed excessive bail in violation of the 8th Amendment, when the violation occurred, and under what circumstances. Said claim is dismissed without prejudice.

### C. Constitutionally Related Claims

Mr. Coniker generally asserts constitutional claims regarding his Right to Due Process, Freedom of Speech, and discrimination on the basis of religious belief and expression. Mr. Coniker's Right to Due Process may be implicated in a wrongful conviction claim or excessive bail claim; but, standing on its own with no factual support, the claim must be dismissed without prejudice.

The Freedom of Speech claim is likewise unconnected to any supporting factual basis. Mr. Coniker has not alleged when his right was violated, how his right was violated, and which Defendant state actor or actors are liable for his injuries. He does assert that he has a right to express Roman Catholic teachings, however, he does not indicate where he attempted to exercise

his right and which state actor Defendant violated the right.  Nor does he explain when the alleged violation occurred.  Accordingly, the alleged Freedom of Speech claims are dismissed without prejudice.

Finally, his claim of discrimination on the basis of religion is incomplete.  He has identified Defendant religious actors, but he has not sufficiently alleged the who, what, when where, and how of the alleged discrimination.  Nor does he allege that he suffered discrimination based on his religion, as opposed to a violation of his right to free speech.  This claim is dismissed without prejudice.

### D. Allegations Related to Catholic Organizations

Mr. Coniker provides substantial information related to his and his family's activities and encounters with various Catholic entities, but the Court is unable to discern the assertion of a viable legal claim.  Mr. Coniker states:

> In the summer of 2007 the Diocese of Steubenville opened a formal inquisition into the life and legacy of Gwen Coniker.  Vatican City wrongfully removed Robert Coniker from AFC.org President.  Since then the AFC.org [?]olbe Loan Program went illegal then criminal in 2021.  The Catholic Church investigation into the Gwen Coniker legacy went illegal and criminal on April 2nd, 2012 unjustly attacking the entire DNA related bloodline of the original eldest son of Jerry and Gwen Coniker, starting against Michael Coniker the Plaintiff.

ECF No. 9, at 7.  While Mr. Coniker alleges various unspecified wrongdoing against him and his family, the Court is unable to discern a cause of action over which this Court would have jurisdiction.

Apparently related to allegations concerning the Coniker family and the AFC.org entity, Mr. Coniker has filed a Motion for Action requesting, as a "corrective action," an Order that four delegates appointed by AFC.org Catholic Corps be present at all current and future psychological

and psychiatric evaluations of Michael Coniker.  ECF No. 7.  There is presently no factual or legal basis upon which the Court could grant this Motion and therefore it is denied.

        E.  <u>Claims Against Defendant Joseph Hudak</u>

Mr. Coniker asserts a claim or claims against Defendant Joseph Hudak.  Here, he alleges that $400,000.00 was "wrongfully taken from Plaintiff" by Mr. Hudak "manipulating and also deceiving Plaintiff on the last weekend of Jan. 2022."  ECF No. 9, at 7.  The basis of this accusation is a loan.  Again, however, Mr. Coniker relates his damages as going back to April 2, 2012.  Mr. Coniker also refers to a separate action, <u>Hudak v. Apostolate for Family Consecration, Inc.</u>, filed at Civil No, 22-173, pending before the Honorable William S. Stickman.

While it appears that Mr. Coniker does or did have a contractual relationship with Mr. Hudak, as well as other interactions, Mr. Coniker's claim for $400,000.00 does not appear to be based on a contract, or contract for a loan, that is presently before this Court.  Moreover, Mr. Coniker has not provided the details of the alleged breach and resulting damages if he is in fact attempting to assert a breach of contract claim.  Finally, it appears more likely than not that Mr. Coniker's alleged contractual/loan cause of action is a matter related to Civil Action No. 22-173.  The Court is unable to find any other alleged cause of action asserted against Mr. Hudak.  Because Mr. Coniker has failed to sufficiently assert a cause of action against Mr. Hudak, any such claim is dismissed without prejudice.

Relatedly, Mr. Coniker has filed two Motions for Action.  In relation to Civil No. 22-173, Mr. Coniker has filed a Motion for Action requesting that this Court order depositions of Defendant Randy Christensen and Mr. Hudak, to be taken by Mr. Coniker in the presence of a U.S. Marshal.  ECF No. 6.  To the extent the request is related to Civil Action No. 22-173, the

Motion is filed in the wrong case and therefore is denied. The Motion is also denied as premature as this action is not yet in the discovery phase.

Next, Mr. Coniker has filed a Motion for Action asking the Court to Order Mr. Hudak "to submit his entire file on Michael J, Coniker, to this Court" between October 2017 and February 1, 2022. ECF No. 10. There is no basis upon which the Court can provide the requested relief, and therefore the Motion is denied.

### F. Assault, Libel, and Slander

On Mr. Coniker's Civil Cover Sheet he identifies "Assault, Libel, and Slander," as his "most applicable" causes of action. However, Mr. Coniker has not provided sufficient factual allegations to support a cause of action for any such tort. He has not identified who committed the tort, what allegedly libelous or slanderous statements were made, when the alleged violations occurred and where, and what damages occurred as a result. Therefore, an asserted cause of action for assault, libel, and slander are dismissed without prejudice.

### IV. Leave to Amend

The Court must consider whether to grant leave to amend the complaint before dismissal. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). "[L]eave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." Id. It is premature to conclude that granting Mr. Coniker leave to amend would be futile as to the claims dismissed without prejudice. Therefore, leave to amend will be permitted with respect to claims of wrongful conviction, excessive bail violation, right to due process, freedom of speech, religious discrimination, assault, libel, and slander, and claims asserted against Joseph Hudak. Leave to amend is also granted with respect to Plaintiff Resource Solutions, LLC. The Court finds that it would be futile to permit amendment as to the following

claims dismissed with prejudice: right to counsel or the appointment of second chair counsel and a presumption of innocence claim.

V. Remaining Motions

There are three remaining Motions for Action awaiting resolution. In the first Motion for Action, Mr. Coniker presents an emergency request for a "wellness" evaluation of his three children and an order requiring two psychiatrists to answer Mr. Coniker's questions. ECF No. 2. Based on the record before the Court there is no basis upon which such a request can be granted. Accordingly, the Motion for Action is denied.

In the next Motion for Action, Mr. Coniker requests that the Court "Protect Philips Voicetracer audio recording device." ECF No. 3. Again, there is no foundation supporting the request. Mr. Coniker asserts that the recording device contains important evidence, and he refers to law enforcement that are not Defendants in this matter. Even assuming Mr. Coniker were able to provide factual support for the request, and a legal basis for the Court to exercise jurisdiction over non-party law enforcement, the request appears to be premature. Accordingly, the Motion for Action is denied.

Finally, he requests "discovery" and organizational support in the form of second chair counsel pursuant to the Americans with Disabilities Act (ADA). ECF No. 4. A request for discovery is premature at this juncture. The Court has already denied Mr. Coniker's request for second chair counsel as he has no right to appointed counsel. Mr. Coniker's general reference to the ADA is an insufficient basis to support the appointment of counsel. The Motion for Action filed at ECF No. 4 is denied.

Accordingly, the following order is hereby entered.

**ORDER**

AND NOW, this 12th day of September 2022, for the reasons set forth above, it is hereby ORDERED that Plaintiffs' Amended Complaint is DISMISSED for failure to comply with Rule 8 and for failure to state a claim upon which relief can be granted.

Plaintiffs are granted leave to file an amended complaint consistent with this Opinion no later than October 11, 2022. If no amended complaint is filed, this case will be closed.

IT IS FURTHER ORDERED that Mr. Coniker's Motions filed at ECF Nos. 2, 3, 4, 5, 6, 7 & 10 are DENIED.

_____
Marilyn J. Horan
United States District Court Judge

cc: Michael Coniker, pro se
556 Union Avenue Ext.
Pittsburgh, PA 15229