# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL CONIKER and RESOURCE, SOLUTIONS, LLC,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Civil No. 22-1184** |
| | ) | |
| **BISHOP JEFFREY MONFORTON, RANDY CHRISTENSEN, JOSEPH EDWARD HUDAK, ESQ., KYLE BROWN, PNC BANK, THE PENNSYLVANIA STATE POLICE, STATE TROOPER PADASAK, THE MEADOWS PSYCHIATRIC CENTER, USA FBI, FBI AGENT SCOTT FRANCIS, BELLEVUE POLICE CHIEF MATTHEW SENTNER, STEUBENVILLE POLICE CHIEF WILLIAM A. MCCAFFERTY, and ANDREW HREZO.** | ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION and ORDER

Michael Coniker, proceeding pro se, commenced this action on August 17, 2022, by filing a Complaint. ECF No. 1. On August 24, 2022, Mr. Coniker filed an Amended Complaint. ECF No. 9. On September 13, 2022, the Court dismissed the Amended Complaint and granted leave to file a second amended complaint consistent with the Opinion dismissing the Amended Complaint. ECF No. 13. On October 31, 2022, Plaintiffs filed a six-page second Amended Complaint against fourteen Defendants. ECF No. 21. All but two of the Defendants filed Motions to Dismiss the second Amended Complaint. ECF Nos. 24, 6, 32, 33, 35, 38, 43, and 55. Plaintiffs were given until January 30, 2023 to respond to the Motions to Dismiss. On January 30, 2023, Plaintiffs filed two pleadings, but they do not provide a legal response to the Motions

to Dismiss.  ECF Nos. 68 & 69.  In Document 69, Mr. Coniker requested an extension of time to respond to the Motions to Dismiss, which was granted.  ECF No. 73.  Plaintiffs were given until February 12, 2023, within which to file Responses to the Motions to Dismiss.  As no responses were filed by the deadline, the Court will resolve the pending Motions to Dismiss.

I.      **Resource Solutions, Inc. as an Unrepresented Plaintiff in this Matter**

As a preliminary matter, the Court addresses Resource Solutions, LLC's status in this case.  Both Mr. Coniker and Resources Solutions purport to represent themselves.  While Mr. Coniker is permitted to represent himself in federal court, Resource Solutions, a corporation, must be represented in court by an attorney.  Simbraw, Inc. v. United States, 367 F.2d 373, 373-74 (3d Cir. 1966) (per curiam).  It "has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel."  United States v. Cocivera, 104 F.3d 566, 572 (3d Cir. 1996) (internal quotation and citation omitted).  Thus, Resource Solutions cannot represent itself.  The Court will take no further action in this case related to Resource Solutions, LLC since it is not represented by a licensed attorney.  Resource Solutions, LLC is hereby dismissed from this action until a licensed attorney enters an appearance on its behalf.  Moreover, there are no allegations in the second Amended Complaint indicating that Resource Solutions was involved in any of the alleged conduct.  At best, the second Amended Complaint alleges that Resource Solutions was injured when money was caused to be removed from Resource Solutions' bank account, based on an alleged family court order connected to Mr. Coniker.

II.      **Mr. Coniker's Outstanding Motions**

Next, prior to the Response deadline, Michael Coniker filed two Motions.  ECF Nos. 68 & 74.  To the extent that motions were filed in opposition to the Motions to Dismiss, the Court will resolve these Motions now.  First, Mr. Coniker filed a "Motion for appointment of a Technicality Proof Reader" to assist Mr. Coniker.  ECF No. 68.  Mr. Coniker is not entitled to the appointment of persons to assist with his lawsuit, though he may hire such persons himself.  Therefore, the Motion is DENIED.  Next, is a "Motion to Publicly Expose certain conduct," in which Mr. Coniker requests that the Court order a "Michael Coniker Led Public View Sting."  ECF No. 74.  There is no basis in the law, or upon the alleged facts of this case, to grant such a request, and therefore the Motion is DENIED.

III.     **Relevant Background**

Mr. Coniker has sued  Bishop Jeffrey Monforton, the Diocese of Steubenville, Randy Christensen, Joseph Edward Hudak, Esq., Kyle Brown, PNC Bank, the Pennsylvania State Police, State Trooper Padasak, The Meadows Psychiatric Center, USA FBI, FBI Agent Scott Francis, Bellevue Police Chief Matthew Sentner, Steubenville Police Chief William A. McCafferty, and Andrew Hrezo.

### *Second Amended Complaint Allegations*

Mr. Coniker lists his causes of action as: Freedom of religious beliefs and expressions, freedom of unjust confinement, freedom of thought expression, excessive bail, due process, feel safe in home and in belongings, and honest treatment by law enforcement and health care system.  ECF No. 21, at 4.  In the section entitled, "Amount in Controversy," Mr. Coniker claims that "$8,000,700.00 dollars are owed to Plaintiff as a basic reclamation of huge damages done to the family life of Michael Coniker and his biological children of God and Marie Annette Coniker

prior to the calculated damages and compounded violations of rights the Jerry and Gwen Coniker family unjustly judged on March 17, 2012 and April 2nd, 2012." ECF No.21, at 5. The "Statement of the Claim," states, "Andrew Hrezo and Bishop Jeffrey Monforton are involved in independent attacks against Michel Coniker and the truth regarding the formal inquisition the Diocese of Steubenville opened in the year 2007. That Coniker legacy matter went rogue and illegal on April 2nd, 2012. Andrew Hrezo also hired a lawyer to argue the [grossly unjust] Order of Court issued by Judge Donald R. Walko, Jr., (AC Family Court) was obsolete; then days later that order was used to wrongfully remove thousands of dollars from Plaintiff's Resource Solutions bank account." ECF no. 21, at 5.

## IV. Standard of Review

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); see also Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations of a

4

complaint must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Plaintiff's allegations must be accepted as true and construed in the light most favorable to plaintiff when determining if the complaint should be dismissed.  Trzaska v. L'Oreal USA, Inc., 865 F.3d 155, 162 (3d Cir. 2017), as amended (Aug. 22, 2017).  Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  Boag v. MacDougall, 454 U.S. 364 (1982).  Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments.  Morse v. Lower Merion School District, 132 F.3d 902, 906, n. 8 (3d Cir.1997).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile."  Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). An amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice."  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.' "  M.U. v. Downingtown High Sch. E., 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting Great Western Mining & Mineral Co., 615 F.3d at 175).

## IV.    Discussion

As indicated above, the second Amended Complaint is nearly devoid of factual averments and further Mr. Coniker fails to connect the few factual allegations he asserts to a cause of action or to a Defendant's alleged misconduct.  This lack of specificity has prompted several of the Defendants to seek dismissal of the second Amended Complaint on the basis that it fails to state a claim.  Several Defendants specifically highlight that the second Amended Complaint fails to name any Defendant, except for Bishop Monforton and Andrew Hrezo.  The state and federal law enforcement Defendants also seek dismissal on the basis that they are immune from suit.  All Defendants argue against permitting leave to amend.[1]

### A.    Failure to Assert a Viable Claim

The second Amended Complaint is nearly identical to the dismissed first Amended Complaint.  As with the first Amended Complaint, the Court cannot identify any well-plead cause of action upon which relief can be granted.  Nor has Mr. Coniker set forth a present set of facts that support a cause of action against any Defendant.

First, as the basis for federal court jurisdiction, Mr. Coniker identifies both "federal question," and "diversity of citizenship."  His causes of action (freedom of religious beliefs and expressions, freedom of thought expression, and due process) appear to implicate the First Amendment to the United States Constitution.  However,  diversity jurisdiction does not exist because there are Defendants who are citizens of the same state as Plaintiff; namely, Pennsylvania.  "Complete diversity requires that, in cases with multiple plaintiffs or multiple

---

[1] One Defendant argues that he was not properly served.  To resolve that issue would require further briefing and the potential introduction of evidence that said Defendant was or was not properly served. Therefore, the Court declines to address this argument.  Similarly, a subset of Defendants are arguing that the Court should dismiss this action with prejudice based on Mr. Coniker filing his second Amended Complaint two days late.  The Court also declines to dismiss this action because the pro se plaintiff filed his amended complaint two days late.

defendants, no plaintiff be a citizen of the same state as any defendant." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) (citing Exxon Mobil Corp. v. Allapattah Svcs. Inc., 545 U.S. 546, 553 (2005) and Kaufman v. Allstate N.J. Insur. Co., 561 F.3d 144, 148 (3d Cir.2009)).  Mr. Coniker is a citizen of Pennsylvania.  He identifies several Defendants as citizens of Ohio, nearly all other Defendants are citizens of Pennsylvania, which leads to the conclusion that diversity jurisdiction does not exist in this case.

Mr. Coniker named causes of action are: Freedom of religious beliefs and expressions, freedom of unjust confinement, freedom of thought expression, excessive bail, due process, feel safe in home and in belongings, and honest treatment by law enforcement and health care system.  As detailed below, the Court is unable to discern a viable cause of action based on the sparse alleged facts, and in addition several of the named causes of action must be dismissed for failure to state a claim.  Mr. Coniker provides no supporting factual allegations to support any of the named claims.  The dates he provides in connection with his claims, 2007 and 2012, are likely beyond any applicable statute of limitations. Mr. Coniker also provides no additional factual information related to his alleged excessive bail violation claim. He does not state who imposed excessive bail in violation of the 8th Amendment, when the violation occurred, and under what circumstances. As such said claim is dismissed.

Turning to the allegations in the second Amended Complaint, the Court is unable to isolate a valid claim on the face of the second Amended Complaint.  Mr. Coniker identifies only two of the fourteen Defendants in his second Amended Complaint.  He does not sufficiently allege what conduct the three Defendants engaged in and how he was harmed thereby.  The second Amended Complaint therefore fails to state a claim upon which relief can be granted.  In addition, the second Amended Complaint, which closely mirrors the dismissed first Amended

Complaint, fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

With respect to the Defendants not discussed in the body of the second Amended Complaint[2], Mr. Coniker has not alleged any facts to show that any of them took any action upon which a plausible cause of action may be based. Therefore, said Defendants' Motions to Dismiss for failure to state a claim upon which relief can be granted will be granted.

With respect to the two Defendants discussed in the second Amended Complaint, Andrew Hrezo and Bishop Monforton, all Mr. Coniker alleges is that these two Defendants "are involved in independent attacks against Michael Coniker," without any specificity as to what they allegedly did, how they attacked Mr. Coniker, when the attacks occurred, or how Mr. Coniker was injured as a result of the attacks. Despite the allegations that Hrezo and Monforton attacked Mr. Coniker in some manner, the Court is unable to draw any reasonable inference that these Defendants are liable for misconduct towards Mr. Coniker. Iqbal, 556 U.S. at 678.

This is Mr. Coniker's third attempt at stating his cause of actions. Only he knows what claims he wants to bring and against whom. "Filing a Complaint pro se does not exempt a plaintiff from pleading essential elements of his claim, nor does it excuse ignorance or lack of attention to the ordinary rules of civil procedure." Jones v. Omni Bank, 1998 WL 761869, * 5 (E.D.Pa. 1998), citing McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980 (1993). See also Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 912 (3d Cir. 1977) (right of self-representation is not a license excusing compliance with relevant rules of procedural and substantive law). Because the above allegations do not state a claim upon which relief can be granted, Bishop Monforton's Motion to Dismiss will be granted. Andrew Hrezo does not

---

[2] Defendants McCafferty, Sentner, the Meadows Psychiatric Center, Christensen, Brown, PNC Bank, the Pennsylvania State Police, Trooper Padasak, Hudak, the FBI, and Scott Francis,

appear to have been properly served, nonetheless, because there is no valid or supportable claim asserted against him, the second Amended Complaint will be dismissed as asserted against Hrezo.  Defendant Hudak did not file a responsive pleading to the second Amended Complaint, but, as with Hrezo, because there is no valid or supportable claim asserted against Hudak, the second Amended Complaint against Hudak will be dismissed.

>    **B.    Immunity**

The law enforcement Defendants, Chief Sentner, Chief McCafferty, Trooper Padasak, the Pennsylvania State Police, the FBI, and FBI Agent Francis, all move for dismissal based on one form of immunity or another.  As to Chief McCafferty, Chief Sentner, Trooper Padasak, the FBI and FBI Agent Francis, the second Amended Complaint fails to allege any claim against any of these Defendants.  The legal principles set forth by the law enforcement Defendants persuasively argue that immunity should apply as to any actual and viable causes of action asserted against any of them.  There are no actual and viable causes of action asserted against any of the llaw enforcement Defendants.  Therefore, the Court hesitates to bestow immunity in circumstances where there are no allegations directed at any of the law enforcement Defendants, much less any discernible allegations of misconduct directed towards them.  With respect to the Pennsylvania State Police, it is clear that, as an agency of the Commonwealth, it is entitled to immunity, in all cases, from potential constitutional claims.  Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981); Spuck v. Pennsylvania Bd. of Probation & Parole, 2012 WL 2974766, *3 (W.D. Pa. 2012); 42 Pa. Cons. Stat. § 8521(b).  Accordingly, the Court will grant the Pennsylvania State Police's Motion to Dismiss based on the agency's immunity from suit.  The remaining Defendants' Motions to Dismiss based on immunity will be denied without prejudice.  However, as discussed

above, all law enforcement Defendants' Motions to Dismiss will be granted as there are no claims asserted against said Defendants.

### C.      Leave to Amend

Finally, the Court must consider whether to grant leave to amend the complaint before dismissal.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  "[L]eave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment."  Id.  Here, in light of  Mr. Coniker's three nearly identical complaints filed in this action, his decision not to file a substantive response to the Motions to Dismiss, his practice of filing motions unrelated to the second Amended Complaint, the lack of factual allegations asserting any cause of action against any named Defendant, and the fact that it is highly likely that the statute of limitations has run on any claim that dates to 2007 or 2012, granting Mr. Coniker leave to amend the second Amended Complaint would be futile.

### D.      Other Matters

In dismissing the first Amended Complaint, the Court considered whether Mr. Coniker was attempting to raise claims that had been dismissed with prejudice Civil No. 22-185.  ECF No. 13, at 1-2.  Mr. Coniker identified Civil No. 22-185 as a related case to the present action. This Court stated: "A comparison of the instant Amended Complaint with the Complaint filed at Civil Action No. 22-185, shows that the instant action is sufficiently distinguishable from the prior action such that the present action is not an attempt to revive claims dismissed with prejudice in the prior action."  ECF No.13, 2.  Accordingly, the Court now concludes that the present action is not related to Civil No. 22-185.  The Clerk of Court will be directed to remove the designation that the instant action is related to Civil No. 22-185.

10

V.      **Conclusion**

The second Amended Complaint does not specify the conduct, actions, or incidents on which any alleged claim against any individual Defendant is based.  While the second Amended Complaint contains factual allegations, it does not contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  In short, the second Amended Complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  Therefore, all Defendants' Motions to Dismiss will be granted for failure to state a claim upon which relief can be granted.  The Court also finds that the second Amended Complaint fails to state a claim upon which relieve can be granted as to Defendants Andrew Hrezo and Joseph Hudak, Jr.  The Motion to Dismiss filed by the Pennsylvania State Police will also be granted because the Commonwealth Agency has Eleventh Amendment immunity from suit.  Accordingly, the second Amended Complaint will be dismissed, with prejudice, as to all Defendants.

Accordingly, the following order is hereby entered.

**ORDER**

AND NOW, this 23rd day of February 2023, for the reasons set forth above, it is hereby ORDERED as follows:

A.      Michael Coniker's "Motion for appointment of a Technicality Proof Reader" (ECF No. 68) and "Motion to Publicly Expose certain conduct," (ECF No. 74), are DENIED.

B.      The following Defendants' Motions to Dismiss are granted because the second Amended Complaint fails to state a claim upon which relief can be granted:

1.      Steubenville Police Chief William A. McCafferty's Motion Dismiss (ECF No. 24) is GRANTED.

2.      Bellevue Police Chief Matthew Sentner's Motion to Dismiss (ECF No. 26) is GRANTED.

3.      UHS of Pennsylvania, Inc. d/b/a The Meadows Psychiatric Center's Motion to Dismiss (ECF No. 33) is GRANTED.

4.      Randy Christensen's Motion to Dismiss (ECF No. 32) is GRANTED.

5.      Bishop Jeffrey Monforton Diocese of Steubenville (ECF No. 35) is GRANTED.

6.      PNC Bank's and Kyle Brown's Motion to Dismiss (ECF No. 38) is GRANTED.

7.      The Federal Bureau of Investigation and Special Agent Scott Francis's Motion to Dismiss (ECF No. 43) is GRANTED.

8.      The Pennsylvania State Police and State Trooper Padasak's Motion to Dismiss (ECF No. 55) is GRANTED.

**D.**      The Pennsylvania State Police Motion to Dismiss (ECF No. 55) is GRANTED because the second Amended Complaint fails to state a claim upon which relief can be granted and also because the Police Agency is immune from suit.

**E.**      It is ORDERED that Plaintiffs' second Amended Complaint is hereby DISMISSED with prejudice.   Leave to amend is not granted as such would be futile.

**F.**      IT IS FURTHER ORDERED that Resources Solutions, LLC is dismissed from this action so long as it does not have a licensed attorney to represent it.

**G.**      Finally, it is ORDERED that the Clerk of Court is directed to remove the related case, Civil Action No. 22-185, from this action, as this case is not related to that action.

This action is hereby closed and dismissed with prejudice.

Marilyn J. Horan
United States District Court Judge

cc:    Michael Coniker, pro se
       556 Union Avenue Ext.
       Pittsburgh, PA 15229